UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMAAL L. DUNCAN,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>DR. WANG, et al.,<br><br>　　　　　Defendant. | Case No.: 1:13-cv-01153-AWI-JLT (PC)<br><br>ORDER FINDING PLAINTIFF'S EIGHTH AMENDMENT CLAIMS AGAINST NURSE REYNOSO AND NURSE DOE COGNIZABLE; SERVICE OF NURSE REYNOSO APPROPRIATE; AND DIRECTING THE CLERK TO PROVIDE PLAINTIFF WITH SERVICE DOCUMENTS<br><br>FINDINGS AND RECOMMENDATION DISMISSING ALL OTHER CLAIMS AND DEFENDANTS<br><br>(Doc. 9) |

　　　　Plaintiff, Jamaal L. Duncan ("Plaintiff"), is a state prisoner proceeding *pro se* in a civil rights matter pursuant to 42 U.S.C. § 1983. As required by 28 U.S.C. § 1915A, the Court screens Plaintiff's First Amended Complaint and, for the reasons set forth below, finds that Plaintiff states a cognizable claim for against Nurses Reynoso and Doe for deliberate indifference to his serious medical need in violation of the Eighth Amendment. The Court recommends that the remaining claims and Defendants be **DISMISSED with prejudice.**

I.　　SCREENING REQUIREMENT

　　　　As Plaintiff seeks redress from governmental employees in a civil action, the Court is required to screen his complaint in order to identify any cognizable claims. 28 U.S.C. § 1915A(a)-(b). The

Court shall "dismiss the complaint, or any portion of the complaint, if the complaint (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b); 28 U.S.C. § 1915(e)(2)(B)(i)-(iii).

## II.    PLEADING STANDARDS

### A.   Fed. R. Civ. P. 8(a)

"Pro se documents are to be liberally construed" and "'must be held to 'less stringent standards than formal pleadings drafted by lawyers.'" Estelle v. Gamble, 429 U.S. 97, 106 (1976) (quoting Haines v. Kerner, 404 U.S. 519, 520-21 (1972)). "[They] can only be dismissed for failure to state a claim if it appears 'beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" Id. Under Federal Rule of Civil Procedure 8(a), "[a] pleading that states a claim for relief must contain: (1) a short and plaint statement of the grounds for the court's jurisdiction, . . . ; (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought." Fed. R. Civ. P. 8(a). Each allegation must be simple, concise, and direct. Fed. R. Civ. P. 8(d)(1). While a complaint "does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555-56 (2007) (internal quotation marks and citations omitted).

In analyzing a pleading, the Court sets conclusory factual allegations aside, accepts all non-conclusory factual allegations as true, and determines whether those non-conclusory factual allegations accepted as true state a claim for relief that is plausible on its face. Ashcroft v. Iqbal, 556 U.S. 662, 676-684 (2009). "The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully." Id. at 678, (internal quotation marks and citation omitted). In determining plausibility, the Court is permitted "to draw on its judicial experience and common sense." Id. at 679. As a preliminary matter, Plaintiff has complied with his obligation under Fed. R. Civ. P. 8(a) in that he clearly delineates his cause of action and concisely states the factual basis for his claim(s) against these Defendants.

**B. 42 U.S.C. § 1983**

In order to sustain a cause of action under 42 U.S.C. § 1983, a plaintiff must show (i) that he suffered a violation of rights protected by the Constitution or created by federal statute, and (ii) that the violation was proximately caused by a person acting under color of state law. *See* Crumpton v. Gates, 947 F.2d 1418, 1420 (9th Cir. 1991). The causation requirement of § 1983 is satisfied only if a plaintiff demonstrates that a defendant did an affirmative act, participated in another's affirmative act, or omitted to perform an act which he was legally required to do that caused the deprivation complained of. Arnold v. IBM, 637 F.2d 1350, 1355 (9th Cir. 1981) (quoting Johnson v. Duffy, 588 F.2d 740, 743-44 (9th Cir. 1978)).

**III.   FACTUAL ALLEGATIONS**

Plaintiff's cause of action arose while he was incarcerated California State Prison – Corcoran ("CSP-COR"). (Doc. 9 at 1.) Plaintiff names the following individuals as defendants in this matter: (1) Dr. Wang, (2) Dr. Kim, (3) Nurse Rouch, (4) Nurse Doe, (5) Nurse Reynoso, and (6) Dr. Moon. Id. at 1. Plaintiff's allegations are summarized as follows:

On June 19, 2010, Plaintiff dislocated the middle finger of his left hand while playing basketball. (Doc. 9 at 2 ¶ 1.) Plaintiff immediately reported his injury to prison personnel by submitting paperwork to registered nurses in Facility 3A's medical department. (Id. at 2 ¶ 2.)

On June 21, 2010, pursuant to Dr. Moon's directive, prison personnel escorted Plaintiff to the Acute Care Hospital Emergency Room (ACH-ER), where x-rays revealed a partially dislocated finger. (Doc. 9 at 2 ¶ 3.) Dr. Kim then made three unsuccessful attempts to reset the swollen finger. (Id. at 2 ¶ 4.) He informed Plaintiff he would need to return the following day when the swelling subsided. (Id.)

On June 22, 2010, Plaintiff experienced excruciating pain and inquired about the follow-up visit with Dr. Moon. (Doc. 9 at 2-3 ¶ 5.) Nurse Wilson checked on the appointment and found it had not been made. (Id.) Repeatedly, Plaintiff spoke with Nurse Doe and Nurse Reynoso about his condition, but they denied he had an appointment on the books, disregarded and belittled his complaints of pain, and told him to "man up." (Id. at 3 ¶ 6.)

Dr. Moon examined Plaintiff approximately three more times after June 22, 2010. (Doc. 9 at 3

3

¶ 7.) Dr. Moon prescribed medication and provided Plaintiff with a "makeshift [finger-splint] made up of a tongue depressor and medical tape" but did not again attempt to re-set the finger. (Id.) At some point, Dr. Moon told Plaintiff that the injury would heal on its own accord. (Id.)

Also, during a four-week period, Dr. Wang treated Plaintiff's injured finger. (Doc. 9 at 3 ¶ 8.) Dr. Wang appears to have performed circulation tests on the finger and prescribed medication for Plaintiff. (Id.) While aware that Plaintiff's finger was still dislocated, neither Drs. Moon and Wang nor Nurse Rouch attempted to reset it. (Id.)

On October 19, 2010, surgery was performed on Plaintiff's middle finger. (Doc. 9 at 5 ¶ 14.) The joint in Plaintiff's finger was removed because it had been destroyed and the bones in his finger had to be fused together. (Id.) Consequently, Plaintiff's middle finger remains permanently disfigured and Plaintiff is unable to completely close his left hand. (Id. at 5.)

## IV.   LEGAL ANALYSIS AND DISCUSSION

To establish a violation of the Eighth Amendment based on inadequate medical care, a plaintiff must demonstrate "acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." Estelle v. Gamble, 429 U.S. 97, 106 (1976). In other words, Plaintiff must show the existence of (1) a serious medical need and (2) a deliberately indifferent response by the defendant. Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006).

A medical need is serious "if the failure to treat the condition could result in further significant injury or the 'unnecessary and wanton infliction of pain.'" McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir. 1992), overruled on other grounds, WMX Technologies v. Miller, 104 F.3d 1133 (9th Cir. 1997). Indications that a person has a serious need for medical treatment include: the existence of an injury that a reasonable doctor or patient would find worthy of comment or treatment; the presence of a medical condition that significantly affects an individual's daily activities; or the existence of chronic and substantial pain. McGuckin, 974 F.2d at 1059-60 (citations omitted). Plaintiff's dislocated, painful finger constitutes a serious medical need. Thus, the only remaining issue is whether any named Defendant acted with deliberate indifference toward Plaintiff.

A defendant acts with deliberate indifference when he knowingly fails to respond to a serious medical need, thereby inflicting harm on the plaintiff. See Farmer v. Brennan, 511 U.S. 825, 837-42

4

1  (1994); Jett, 439 F.3d at 1096.  Deliberate indifference may appear when a defendant denies, delays,
2  or otherwise interferes with medical treatment.  *See* Hutchinson v. United States, 838 F.2d 390, 394
3  (9th Cir. 1988).  Nevertheless, "[d]eliberate indifference is a high legal standard."  Toguchi v. Chung,
4  391 F.3d 1051, 1060 (9th Cir. 2004).  "Mere 'indifference,' 'negligence,' or 'medical malpractice' will
5  not support this cause of action."  Broughton v. Cutter Laboratories, 622 F.2d 458, 460 (9th Cir. 1980)
6  (citing Estelle, 429 U.S. at 105-06).

7        i.    Plaintiff states cognizable claims against Nurse Doe and Nurse Reynoso.

8  Plaintiff avers that he sought medical assistance from Nurses Doe and Reynoso on several
9  occasions.  (Doc. 9 at 3 ¶ 6.)  Aware of Plaintiff's medical condition and significant pain, Nurses Doe
10 and Reynoso disregarded and belittled Plaintiff's complaints, refused Plaintiff medical treatment
11 because his appointment was not "in the medical books," and failed to take steps to ensure he obtained
12 an appointment so he could receive medical treatment.  (Id.)  Thus, Plaintiff states a cognizable
13 deliberate indifference claim under the Eighth Amendment against Nurses Doe and Reynoso.

14       ii.    Plaintiff fails to states a cognizable claim against Dr. Kim

15 Dr. Kim treated Plaintiff on June 21, 2010, but was unable to reset the finger after three
16 attempts.  (Doc. 9 at 2 ¶ 3.)  There are no facts alleged to suggest the inability to re-set the finger was
17 deliberate.  Rather, Dr. Kim told Plaintiff that he would set an appointment for the following day
18 "after the swelling had gone down."  (Id. at 2 ¶ 4.)  While Plaintiff avers that Dr. Kim failed to
19 schedule that appointment, such an allegation demonstrates negligence at best, but is insufficient to
20 state a cognizable deliberate indifference claim.  *See* Broughton v. Cutter Laboratories, 622 F.2d 458,
21 460 (9th Cir.1980) (citing *Estelle*, 429 U.S. at 105-06); Toguchi v. Chung, 391 F.3d 1051, 1060 (9th
22 Cir.2004). Further, it appears that both Dr. Moon and Dr. Wang followed-up with Plaintiff subsequent
23 to his appointment with Dr. Kim.  Thus, Plaintiff's claim against Dr. Kim is not cognizable and should
24 be dismissed.
25 ///
26 ///
27 ///
28 ///

   iii. <u>Plaintiff fails to state cognizable claims against Dr. Wang, Dr. Moon, and Nurse Rouch</u>[1]

Plaintiff avers that Dr. Moon, Dr. Wang, and Nurse Rouch were deliberately indifferent to his medical condition because they failed to timely schedule treatment for Plaintiff. (Doc. 9.) However, the factual allegations contained in the First Amended Complaint demonstrate otherwise.

The First Amended Complaint indicates that Dr. Moon treated and examined Plaintiff on at least three occasions. First, Dr. Moon ordered an x-ray shortly after the initial injury. There is no indication that Dr. Moon knew Plaintiff dislocated his finger until after the results of the x-rays were known, when he provided medication and a splint. At some point, Dr. Moon indicated that the finger would "<u>heal itself</u>." (Doc. 9, at 4 ¶ 12) (emphasis in original). While Plaintiff may object to Dr. Moon's medical assessment and treatment, there is no factual support that this assessment was made with deliberate indifference and even if, ultimately, it was incorrect, this does not state a constitutional claim because "differences of opinion between prisoner and prison doctors fails to show deliberate indifference to serious medical needs." *See* <u>Estelle v. Gamble</u>, 429 U.S. 97, 107 (1976). Thus, Plaintiff's claim against Dr. Moon is not cognizable and should be dismissed.

Next, Plaintiff avers that Dr. Wang treated him over the course of four weeks. (Doc. 9 at 4 ¶ 8.) Plaintiff, for the first time, indicates that Dr. Wang performed circulation tests and "prescrib[ed] meds [sic] for pain after he had discontinued [the] pain meds prescribed by Doctor Moon." (<u>Id</u>.) There is nothing about these allegations that rises to the level of deliberate indifference. Discontinuance of a one pain medication for a prescription of another is a medical decision with which Plaintiff apparently disagreed. However, this disagreement does not suffice to state a cognizable deliberate indifference claim. Plaintiff fails to demonstrate that there exists more than a sheer possibility that Dr. Wang acted with deliberate indifference. *See* <u>Iqbal</u>, 556 U.S. at 678. Thus, Plaintiff's claim against Dr. Kim is not

---

[1] Plaintiff may have a California medical malpractice action against these individuals. The Court, however, again declines to address this issue given Plaintiff's failure to indicate that he complied with the California Tort Claims Act ("CTCA"). Under the CTCA, a plaintiff may not maintain an action for damages against a public employee unless he has presented a written claim to the state Victim Compensation and Government Claims Board within six months of accrual of the action. *See* Cal. Gov't Code §§ 905, 911.2(a), 945.4 & 950.2; <u>Mangold v. California Pub. Utils. Comm'n</u>, 67 F.3d 1470, 1477 (9th Cir. 1995). In pleading a state tort claim, a plaintiff must allege facts demonstrating that he has complied with CTCA's presentation requirement. <u>State of California v. Superior Court (Bodde)</u>, 32 Cal.4th 1234, 1243-44 (2004). Failure to allege compliance constitutes a failure to state a cause of action and will result in the dismissal of plaintiff's state law claims. <u>Id.</u>

cognizable and should be dismissed.

Finally, Plaintiff's only allegation regarding Nurse Rouch is that Nurse Rouch informed him that he "had been scheduled (sic) for an off-site hospital appointment." (Doc. 9, at ¶ 12.) Plaintiff does not allege that he was seeking any treatment or services that were not provided by Nurse Rouch. While Plaintiff indicates in that same paragraph that he was ignored by his facility's medical staff between June and October of 2010 (*see* id.), the Court cannot assume that Nurse Rouch had any interaction with Plaintiff beyond the factual allegations provided and declines to reach so far as to implicate a nurse as the cause of an entire medical facilities alleged lapse in care. Thus, Plaintiff's claim against Nurse Rouch is not cognizable and should be dismissed.

## V.     CONCLUSION

Despite being advised of the legal standards needed to state a claim of deliberate indifference under the Eighth Amendment, Plaintiff's First Amended Complaint is nearly identical to his original pleading. Plaintiff has stated cognizable claims only against Nurses Reynoso and Doe, but again failed to state a cognizable claim against any of the other defendants. Thus, the Court finds that it would be futile to grant further leave to amend. Plaintiff states in the First Amended Complaint that he has not yet ascertained the identity of Defendant, "Nurse Doe." The inclusion of Doe defendants under these circumstances is permissible, as plaintiff may amend the complaint pursuant to Rule 15 of the Federal Rules of Civil Procedure once the identity of "Nurse Doe" is known through discovery or other means. *Merritt v. Los Angeles*, 875 F.2d 765, 768 (9th Cir. 1989); *see Swartz v. Gold Dust Casino, Inc.*, 91 F.R.D. 543, 547 (D. Nev. 1981).

**ORDER**

Accordingly, it is **HEREBY ORDERED** that:

1. Service of the First Amended Complaint is appropriate for Plaintiff's cognizable claims of deliberate indifference to Plaintiff's serious medical need in violation of the Eighth Amendment against Defendant Reynoso;

2. The Clerk of the Court shall send Plaintiff one USM-285 forms, one summons, a "Notice of Submission of Documents" form, an instruction sheet, and a copy of the First Amended Complaint, filed September 6, 2013 (Doc. 9);

3. Within **thirty (30) days** from the date of this order, Plaintiff shall complete the attached "Notice of Submission of Documents" form and submit the completed form to the Court with the following documents:

      a. One completed summons form for Defendant Reynoso;

      b. A completed USM-285 form for Defendant Reynoso; and

      c. Two copies of the endorsed First Amended Complaint (Doc. 9).

4. Plaintiff need not attempt service on the defendant and need not request waiver of service. Upon receipt of the above-described documents, the Court will direct the United States Marshal to serve the above-named defendant pursuant to Federal Rule of Civil Procedure 4 without payment of costs; and

5. **Plaintiff is cautioned that failure to comply with this order will result a recommendation of the dismissal of this case.**

## FINDINGS AND RECOMMENDATIONS

Accordingly, the Court **HEREBY RECOMMENDS** dismissal of the remaining claims and Defendants without leave to amend.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within **30 days after being served with these findings and recommendations**, Plaintiff may file written objections with the Court. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." **Failure to file objections within the specified time may waive the right to appeal the District Court's order**. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated: **January 8, 2014**             /s/ Jennifer L. Thurston
                                                     UNITED STATES MAGISTRATE JUDGE